**TRANE COMPANY, Plaintiff,**

v.

**TRANE MANUFACTURING INCOR-
PORATED, Defendant.**

Civ. No. 8440.

United States District Court
D. Connecticut.

Dec. 7, 1960.

Robert Ewing, Shipman & Goodwin, Hartford, Conn., for plaintiff.

Robert P. Billings, Wallingford, Conn., for defendant.

ANDERSON, Chief Judge.

In this action the plaintiff, a Wisconsin corporation, seeks to enjoin the defendant, a Connecticut corporation, from using the word "trane" in its corporate name and also seeks other relief. The complaint is based on a claim of unfair competition.

In support of this motion to dismiss, the defendant asserts that the plaintiff is barred by § 33–140, General Statutes of the State of Connecticut, Revision of 1959, from maintaining the action because, although the plaintiff is a foreign corporation doing business in Connecticut, it has not complied with § 33–137 of the Connecticut statutes, which relates to the filing of corporate charters with the Secretary of State, and it has not complied with § 33–138 of the Connecticut statutes, which requires the appointment of the Secretary of State as agent to receive service of process.

Because matters outside of the pleadings have been presented to and considered by the court, this motion to dismiss will be treated as a motion for summary judgment under Rule 56, F.R. Civ.P., 28 U.S.C.A.

In oral argument the plaintiff conceded, for the purposes of this motion, that it was, in fact, doing business in Connecticut within the meaning of § 33–137 and § 33–138 and that it had complied with neither of those sections. As this is a diversity case, Connecticut law applies and if the state courts of Connecticut are not available to the plaintiff under the circumstances of this case, then the door of the Federal court is likewise closed. Woods v. Interstate Realty Co., 1949, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524. The pertinent portion of § 33–140 concerning failure to file a certificate and appoint the Secretary of State as attorney reads as follows:

444

"Any person, or any agent, officer or employee of any foreign corporation, who transacts any business within this state for any such foreign corporation, without the provisions of sections 33–137 and 33–138 having been complied with, shall be fined * * * provided the failure of any such corporation to file * * * shall not impair or affect the validity of any contract with such corporation, and actions or proceedings at law or in equity may be instituted and maintained on any such contract; but no such action shall be instituted or recovery had by any such corporation on any such contract, either expressed or implied, in any of the courts of this state * * * until such corporation has complied with the provisions of said sections; and, before any such corporation which has not complied with said provisions may institute an action in any of the courts of this state, * * * on any cause of action arising prior to the filing * * *, it shall pay to the secretary a license fee * *."

The defendant argues that, while the first part of the statute precludes actions based upon contracts, the last clause of the section is not so limited, but precludes suits on "any cause of action" until the statutory requisites are fully complied with. However, an examination of the record on appeal and of the opinion of the Supreme Court of Errors of Connecticut in Whitney Frocks, Inc. v. Jobrack, 1949, 135 Conn. 529, 66 A.2d 607, makes it plain that the Supreme Court of Connecticut has decided to the contrary.

 In the Jobrack case the defendant made a claim that § 3491 (predecessor to § 33–140) was intended to "suspend the civil remedies of all foreign corporations who failed to comply with the statute" in that "once * * * a failure to comply with the statute has been proved, a foreign corporation can bring no action of any kind in the courts of this state * * *." That case was an action to recover on a $600 loan. The defendant claimed that because of the plaintiff's non-compliance with § 3491 it was barred from use of the Connecticut courts whether or not the loan agreement sued upon pertained to the business for which the corporation was organized. The defendant argued a second point in the alternative which was that the question of whether on not the loan arose out of the business for which the corporation was organized was a question of fact for the jury and should not have been decided by the trial court as a matter of law. The Supreme Court of Errors adopted the latter alternative argument of the defendant and ordered a new trial and thereby necessarily rejected the defendant's first argument which was that a foreign corporation failing to comply with § 3491 could bring *no action of any kind* in the Connecticut courts.

The motion to dismiss considered as a motion for summary judgment is denied.