WHITNEY FROCKS, INC. *v.* BESSIE T. JOBRACK, EXECUTRIX (ESTATE OF LEONARD JOBRACK)

MALTBIE, C. J., BROWN, JENNINGS, ELLS and INGLIS, Js.

Argued March 3—decided May 24, 1949.

*Leo Nevas,* with whom, on the brief, was *Morris Robinson,* for the appellant (defendant).

*George F. McKendry,* with whom, on the brief, was *John Keogh, Jr.,* for the appellee (plaintiff).

ELLS, J. This action was brought in two counts. The first count alleged that on or about May 29, 1941, the plaintiff lent $600 to the defendant by its check for that amount. The second count alleged a debt of $320.30, as stated in an itemized bill of particulars. The defendant pleaded a general denial and a special defense to the effect that the plaintiff was a New York corporation doing business in this state, that it had not complied with the requirements of General Statutes, Rev. 1930, §§ 3488 and 3489 (Rev. 1949, §§ 5248, 5249) and that the provisions of § 3491, Rev. 1930 (Rev. 1949, § 5251), barred recovery. The answer also contained a counterclaim. The jury found the issues for the plaintiff on the complaint and counterclaim and awarded damages of $816. This equaled the sum of $600 plus interest to the date of trial. The defendant has appealed.

The basic questions presented by the appeal concern a portion of the charge relating to the first count and whether the action on the alleged loan was prematurely brought.

The action was brought against Leonard Jobrack.

He died before trial and his executrix was substituted as party defendant. It will be convenient to refer to Leonard as the defendant.

The plaintiff was a New York corporation. The defendant pleaded that it transacted business in the state of Connecticut and did not file the documents or pay the fees required by our statutes. The plaintiff denied these allegations. The defendant did not offer proof that the plaintiff failed to comply with the statutory provisions, but the court in its charge stated that the fact was admitted, the parties have argued the appeal on that basis, and we shall treat it as an admitted fact.

The claims of proof may be summarized. The plaintiff offered evidence that it was a manufacturer of dresses and in connection with its business cut dresses and sent them to various contractors who completed fabrication and delivered the finished garments to the plaintiff. The contractors were compensated at an agreed rate per garment. The plaintiff entered into an agreement with the defendant in accordance with which the latter sent his truck to New York, picked up cut dresses, finished them at his plant in Norwalk and returned them by his truck to New York. The defendant called at the plaintiff's place of business in New York and received checks in payment. The account was not always in balance; on some occasions the plaintiff advanced money to the defendant, and on other occasions there would be money owing to the defendant. All business transactions between the parties took place in New York; the plaintiff had no place of business in Connecticut and transacted no business here. On May 29, 1941, the defendant called upon the plaintiff in New York, requested a loan of $600, received a check for that amount as a demand loan and executed an agreement to place a chattel mortgage for $600 on his plant at Norwalk on or before June 6, 1941,

to be paid ninety days from the date of the mortgage. The defendant did not execute the mortgage and the loan of $600 has not been paid.

The defendant's claims of proof were these: An agreement was made at Norwalk that the plaintiff would take over the operation of the defendant's plant in Norwalk, furnish all materials, pay all labor bills, purchase new equipment and pay the defendant and his father a salary. The plaintiff sent one of its employees to manage the plant for it. It transacted business within this state in that it was manufacturing dresses at the defendant's plant. Each week the defendant prepared a statement of all expenditures and the pay roll and went to New York to the plaintiff's office, where he received a check to cover these items. On May 29, 1941, he went there to obtain such a payment, but the plaintiff refused it on the ground that the defendant had already received more than was due. To obtain the sum of $600 required for the pay roll and other expenses, the defendant executed an agreement which read as follows: "In consideration of a check for six hundred dollars ($600.00) I, Leonard Jobrack, agree to place a mortgage of six hundred dollars ($600.00) on my plant consisting of 30 machines located in South Norwalk, Conn. to Whitney Frocks, Inc., 501 Seventh Avenue, New York City. This mortgage is to be payable ninety days from date. I agree that this mortgage will be executed by June 6, 1941." It was agreed that the writing was to be valid only if there had been an overpayment. The plaintiff treated the $600 as an ordinary advance on its ledger, in the same manner as all other payments made to the defendant. The latter used the proceeds of the check for the pay roll and other expenses connected with the performance of the original agreement with the plaintiff.

Section 3488 of the General Statutes, Rev. 1930, re-

quires that foreign corporations, except insurance and surety companies and building and loan associations, shall file certain documents in the office of the secretary of the state before transacting business here, and § 3489 provides that each foreign corporation with an office or place of business in this state, except insurance and surety companies and building and loan associations, shall, before doing business in this state, appoint in writing the secretary of the state to be its attorney upon whom process may be served. Section 3491 provides a penalty for failure to comply with the requirements of §§ 3488 and 3489, "provided the failure . . . shall not impair or affect the validity of any contract with such corporation, and actions or proceedings at law or in equity may be instituted and maintained on any such contract; but no such action shall be instituted or recovery had by any such corporation on any such contract, either expressed or implied, in any of the courts of this state . . . until such corporation shall have complied with the provisions of said sections. . . ." There is a further provision for the payment of a license fee.

The plaintiff claimed that it did not transact business in this state or have an office or place of business here and that therefore the statutes are not applicable. In its charge to the jury, the court left it to them to decide the issue of fact. It instructed them that, if they found that the plaintiff was doing business in this state, then they would have to find that it had not complied with our statutory law, and must find for the defendant on his special defense. It gave them certain tests for determining whether the plaintiff was doing business in this state within the meaning of the statutes. The parties have not challenged the correctness of these instructions.

The court then charged that, even if the plaintiff was

doing business in this state without having complied with the statutes, it nevertheless could recover on the first count, as to the $600 loan, because this claim did not arise out of the business for which the corporation was organized. The defendant has assigned error in this instruction. The charge was incorrect because the question whether or not the transaction arose out of the business for which the corporation was organized was a question of fact for the jury to decide. The plaintiff claimed that the money was an ordinary loan to the defendant. The claims of proof of the defendant were that the alleged loan was an advance made in the course of the plaintiff's business and in pursuance of its contract with the defendant, and that the defendant used the money for the pay roll and other expenses. If the jury found that the alleged loan was a transaction of the latter nature, the words "any contract" contained in § 3491 would govern the situation. The court mistakenly charged the jury that the transaction was not of this nature. The charge amounted to a directed verdict on the first count except as to the issue that the case was prematurely brought. This was reversible error.

All except one of the remaining assignments of error relate to matters not likely to arise upon a new trial. The present action was commenced within ninety days of the date of the alleged loan, and the defendant claims that it was prematurely brought. An assignment of error attacks a finding as to the plaintiff's claims of proof to the effect that the right which the defendant might have had to a period of ninety days in which to pay the loan was conditioned upon his execution of the chattel mortgage. This statement is obviously not a claim of proof of facts but of the legal interpretation to be placed upon the transaction, and as such had no place in the finding. The defendant made

no claims of proof of any agreement at the time the money was advanced as regards the time when it was to be repaid, or of any conditions attached to the alleged loan, other than those contained in the writing quoted above. The court in effect charged the jury that if the defendant failed to execute the mortgage by June 6, 1941, then the action was not prematurely brought. This is assigned as error. An examination of the agreement executed when the loan was made leads to the inevitable conclusion as a matter of law, in the absence of other facts, that the defendant was to have ninety days in which to repay the loan provided he executed the mortgage. The mere execution of the agreement did not in and of itself give him ninety days in which to repay; it was incumbent on him to execute the mortgage to become entitled to the period of ninety days. There was no material error in the instruction in question.

The amount of the verdict shows that the jury found for the defendant on the second count of the complaint. No valid claim of error affects the judgment as regards that count or the counterclaim, and there is no reason for a retrial as to them.

There is error only as regards the first count of the complaint, and the judgment is set aside and a new trial is ordered as to that count only.

In this opinion the other judges concurred.