JUNIOR INVESTORS, INC. *v.* RIDGEFIELD LAKES, INC., ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 87329

Memorandum filed November 26, 1952.

*Wilson, Hanna & Wanderer,* of Danbury, for the Plaintiff.

*Jordan L. Bushnell,* of Westbrook, for William Citron, Trustee.

KING, J. The defendant filed a plea in abatement consisting of six unnumbered paragraphs, each purporting to set up a separate ground of abatement. The last four grounds were withdrawn at the hearing, leaving the first two for determination.

The gist of these first two grounds is that it does not appear that the plaintiff corporation can institute this suit for the foreclosure of a mortgage be-

cause it appears that it is a foreign corporation and it does not appear that it is authorized to do business in Connecticut under General Statutes, §§ 5246-5256, and especially § 5251.

The plea in abatement cannot, under modern procedure, be used to attack in this way the corporate capacity of the plaintiff to sue. General Statutes § 7815; see also Practice Book §§ 102, 103. The claim here sought to be made is in effect a claim of illegality not apparent on the face of the pleadings and must be specially pleaded in an answer. Practice Book, § 102. Not only is this the general rule but the provisions of General Statutes, § 7815, expressly require a claim of lack of corporate capacity to sue to be so raised. And such is the uniform modern practice. *Alfred M. Best Co.* v. *Goldstein,* 124 Conn. 597, 599; *Whitney Frocks, Inc.* v. *Jobrack,* 135 Conn. 529, 531.

In fairness to the defendant, it may be noted that under the old common-law system of pleading, no longer in effect, the claim now made had to be raised by a preliminary plea. *Litchfield Bank* v. *Church,* 29 Conn. 137, 148.

There is nothing in *Felletter* v. *Thompson,* 133 Conn. 277, cited by the defendant, which is in any way inconsistent with the foregoing. Here, there is no lack of jurisdiction of the subject matter in any proper sense. The only question is as to the right of the plaintiff to maintain this suit. And this, at most, is but a voidable defect, waived if not raised by the defendant. *Whitney Frocks, Inc.* v. *Jobrack,* supra. A true jurisdictional defect cannot, of course, be waived by the parties. *Long* v. *Zoning Commission,* 133 Conn. 248, 252.

Since the plea in abatement must be overruled for the foregoing reason, it is unnecessary to consider the sufficiency of the allegations of the plea as made,

nor that of the allegations of the defendant's answer to paragraph 1 of the plea. The basic test of when a foreign corporation is "doing business in this state" within the provisions of General Statutes, § 5249, is set forth in *Alfred M. Best Co.* v. *Goldstein,* supra, 603.

Judgment may enter overruling the plea in abatement.