MENLEY AND JAMES LABORATORIES, LTD. *v.* MOTT'S
SUPER MARKETS, INC.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 146580

Memorandum filed June 1, 1966

*Shipman & Goodwin,* of Hartford, for the plaintiff.

*Lessner, Rottner, Karp & Plepler,* of Manchester, for the defendant.

PALMER, J.  The plaintiff, a Delaware corporation, alleges that it brings this suit to protect and assert its rights under the so-called Connecticut Fair Trade Act.  The defendant's plea in abatement alleges that since October, 1961, the plaintiff has continuously, to the present time, transacted business in this state.  The plea further asserts that the plaintiff has not procured a certificate of authority to transact business in Connecticut pursuant to § 33-396 of the General Statutes and therefore may not maintain this action by virtue of § 33-412 (a).  The plaintiff demurs on the ground that the sole purpose of the plea in abatement "is to attack the corporate capacity of the plaintiff to maintain this action, and a plea in abatement cannot be used for such purpose."

In *Junior Investors, Inc.* v. *Ridgefield Lakes, Inc.,* 18 Conn. Sup. 170, 171, the plaintiff was a foreign corporation not authorized to do business in this state under statutory provisions similar to those applicable here.  The court *(King, J.)* said: "The plea in abatement cannot, under modern procedure,

be used to attack in this way the corporate capacity of the plaintiff to sue. . . . [General Statutes § 52-93]; see also . . . [Practice Book, 1963, §§ 120, 119]. The claim here sought to be made is in effect a claim of illegality not apparent on the face of the pleadings and must be specially pleaded in an answer. . . . [Practice Book, 1963, § 120]. Not only is this the general rule but the provisions of . . . [General Statutes § 52-93] expressly require a claim of lack of corporate capacity to sue to be so raised. And such is the uniform modern practice. *Alfred M. Best Co.* v. *Goldstein,* 124 Conn. 597, 599; *Whitney Frocks, Inc.* v. *Jobrack,* 135 Conn. 529, 531."

The plaintiff's demurrer to the defendant's plea in abatement is sustained on the ground set forth therein.