ARMANDO SEBASTIANO *v.* FLORENCE V. CORDE ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Submitted on briefs June 1—decision released July 27, 1976

*Edward F. Allen,* pro se, on the brief, the appellant (defendant).

*Vincent M. Zanella, Jr.,* on the brief, for the appellee (plaintiff).

PER CURIAM. A judgment foreclosing the title to real estate by strict foreclosure was rendered for the plaintiff on May 3, 1974, in the Court of Common Pleas (*Dean, J.*). The defendant Florence V. Corde was defaulted for failure to appear, and the defendant Edward F. Allen, who appeared pro se, was defaulted for failure to plead. The law day was set for August 13, 1974. The court

(*McGuinness, J.,* and *Martin, J.*) subsequently granted written motions to open the judgment and extend the law day, thereby setting a new law day first for October 8, 1974, and then for November 8, 1974. A third motion to open the judgment and extend the law day was denied by the court (*Matzkin, J.*) on November 1, 1974.

The defendant Allen has appealed from the judgment rendered. The defendant's assignment of errors claims that the court erred in refusing to extend the law day in order to give a reasonable time within which to redeem. The only issue discussed in the defendant's brief is: "How much time is reasonable for an opportunity to refinance and redeem under the circumstances?"

It is not entirely clear from the record whether the appeal is taken from the final foreclosure judgment or from the denial of the last motion to open judgment and extend the law day. We do not, however, pursue the possibility that the appeal is defective. The basic issue raised by the defendant Allen, appearing pro se, is clear, and a determination of that issue on its merits is dispositive of this appeal.

The record contains no finding. Although the court which heard the last motion to open the judgment was requested to make a finding, it was unable to do so because no testimony and no evidence was submitted at the time of the hearing. *Wilusz* v. *Ives,* 152 Conn. 352, 354, 206 A.2d 841; Maltbie, Conn. App. Proc. § 126. The denial of a motion to open judgment of strict foreclosure is a matter resting within the discretion of the trial court; General Statutes § 49-15; and "unless that discretion was abused or was based upon some error in law, the denial of the motion must stand." *Carring-*

*ton* v. *Muhlfeld,* 122 Conn. 334, 337, 189 A.2d 184. On the record before us there is no such evidence of abuse of discretion.

There is no error; the case, however, is remanded with direction to render judgment as on file except for such modification as is made necessary by the lapse of time since the original judgment.