## UNITED STATES TRUST COMPANY OF NEW YORK *v.*
## RONALD DiGHELLO ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued October 10—decision released November 20, 1979

*Robert G. Zanesky,* for the appellant (defendant Luxury Property, Inc.).

*Joseph H. Pellegrino,* with whom, on the brief, was *Bernard A. Pellegrino,* for the appellee (plaintiff).

BOGDANSKI, J. This appeal involves a foreclosure of a mortgage and the refusal of the court to grant a motion to open the judgment.

The record reveals that NJB Prime Investors, a Massachusetts business trust, as assignee of a note and mortgage instrument executed by the Connecticut National Bank, instituted a foreclosure action on February 26, 1976. In fact, however, NJB Prime Investors had in March of 1975 assigned the note and mortgage instrument to the United States Trust Company of New York. Consequently, upon a motion duly made, the trial court on August 2, 1976, approved the substitution of the United States Trust Company of New York as party plaintiff.[1] Thereafter, on April 7, 1977, the court, after a hearing on the merits, rendered a judgment of strict foreclosure and set the law day for April 18, 1978.

The defendant owners subsequently transferred their equity interest to Luxury Property, Inc. On April 4, 1978, Luxury Property, Inc. was made a party defendant, and on April 17, 1978, the judgment was opened and the law day extended to commence September 28, 1978.

On June 30, 1978, the defendant filed a motion to open the judgment[2] to allow it to file a special defense attacking the corporate capacity of the plaintiff to maintain the action. From a denial of that motion the defendant has appealed.

---

[1] See § 52-109 of the General Statutes which provides as follows: "When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." See also Practice Book, 1978, § 101.

[2] Section 49-15 of the General Statutes provides that a judgment of strict foreclosure may, at the court's discretion, be opened and modified at any time before the title becomes vested in any encumbrancer. This procedure is commonly used, as it was in this case, to extend the law day. See, e.g., Sebastiano v. Corde, 171 Conn. 324, 370 A.2d 946 (1976).

The basis for this motion is as follows: the defendant claims that the original plaintiff, NJB Prime Investors, lacked corporate capacity to bring the action because it failed to comply with the provisions of § 47-6a of the General Statutes,[3] and that the present plaintiff, United States Trust Company of New York, as NJB's assignee, has no better rights.[4] The record reveals, however, that no challenge to the capacity of either the original or the present plaintiff to bring this foreclosure action was raised at any point in the proceedings below until the defendant filed the motion which forms the basis of this appeal.

At the outset, we observe that we need not decide whether an appeal lies from the denial of a motion to open a judgment of strict foreclosure. See *Sebastiano* v. *Corde,* 171 Conn. 324, 370 A.2d 946 (1976).

---

[3] "[General Statutes] Sec. 47-6a. MASSACHUSETTS BUSINESS TRUST AUTHORIZED TO PURCHASE, HOLD OR CONVEY INTERESTS IN LAND; FILING TRUST AGREEMENT. A trust with transferable shares organized under the laws of the commonwealth of Massachusetts, commonly known as a Massachusetts business trust, may purchase, hold or transmit real estate, make mortgages thereon, and acquire and convey any interest therein, in the name of such trust in the same manner as a corporation organized under the laws of this state, provided a copy of the declaration of such trust, duly certified by the secretary of the commonwealth of Massachusetts, shall first be filed in the office of the secretary of the state of Connecticut."

[4] "[General Statutes] Sec. 33-412. RIGHTS AND LIABILITIES OF CORPORATION TRANSACTING BUSINESS WITHOUT AUTHORITY. (a) No foreign corporation transacting business in this state in violation of section 33-396 shall be permitted to maintain any action, suit or proceeding in any court of this state unless such corporation has obtained a certificate of authority. Nor shall any action, suit or proceeding be maintained in any court in this state by any successor or assignee of such corporation on any right, claim or demand, arising out of the transaction of business by such corporation in this state, until a certificate of authority has been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets. . . ."

Section 160 of the 1978 Practice Book provides that if a defendant intends to controvert the right of a plaintiff to sue as a corporation he must specially raise that issue in his answer. Section 164 further provides that any claimed illegality not apparent on the face of the pleadings must be specially pleaded. It is thus clear that an attack on the corporate capacity of a plaintiff to sue must be raised by way of special defense. See *Alfred M. Best Co.* v. *Goldstein,* 124 Conn. 597, 599, 1 A.2d 140 (1938); *Whitney Frocks, Inc.* v. *Jobrack,* 135 Conn. 529, 531, 66 A.2d 607 (1949). We further note that there is no claim being made that the court lacked jurisdiction over the subject matter of the instant proceedings. The only question raised is as to the corporate capacity of the plaintiff to maintain this suit. Such a claim is but a voidable defect, waived if not raised by a defendant in a timely manner. *Whitney Frocks, Inc.* v. *Jobrack,* supra.

It is also clear from the record that the defendant Luxury Products, Inc. was in effect asking the trial court to set aside the entire foreclosure proceedings ab initio, proceedings over which the court retained jurisdiction over a three and a half year period and during which it has heard and ruled upon many complex evidentiary and legal issues. To allow the defendant now to raise a defense of a lack of corporate capacity which was admittedly available to the defendant or to its predecessors from the inception of this action,[5] and which should have been

---

[5] The defendant here was in effect asking the trial court to grant it a new trial. It did not, however, comply with the requirements of § 52-270 of the General Statutes which authorizes the granting of a new trial under certain circumstances. The defendant did not even

raised by way of special defense prior to the entry of final judgment, is in the posture of this case inappropriate.

We therefore conclude that the trial court did not abuse its discretion in denying the motion.

There is no error.

In this opinion the other judges concurred.

allege a basis under which a petition for a new trial could have been granted. There is, for example, no allegation that the defendant did not have a reasonable opportunity to appear and present the defense of lack of standing. That its predecessors in interest were the actual defendants at the trial is irrelevant.