[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"No foreign corporation . . . shall transact business in the state until it has procured a certificate of authority so to do from the secretary of the state." General Statutes 33-396. "No foreign corporation transacting business in the state in violation of section 33-396 shall be permitted to maintain any action, suit or proceeding in any court of this state unless such corporation has obtained a certificate of authority." General Statutes 33-412.
In their memorandum of law, the defendants, USFG and Waterbury Construction, argue that TRACO is in violation of General Statutes 33-396 and is thereby prohibited by General Statutes 33-412 from bringing suit in Connecticut.
The plaintiff argues that it is not transacting business in the state and, therefore, it is not required to comply with General Statutes 33-396 and is not precluded from filing suit under General Statutes 33-412.
"The appropriate vehicle by which to implement enforcement of the prohibition of 33-412(a) is a special defense to an CT Page 3072 action." Boxed Beef Dist. v. Rexton, 7 Conn. App. 555, 558,509 A.2d 1060 (1986), citing Peters Production, Inc. v. Dawson,182 Conn. 526, 529-30, 438 A.2d 747 (1980).
 Section 160 of the . . . Practice Book provides that if a defendant intends to controvert the right of a plaintiff to sue as a corporation he must specially raise that issue in his answer. Section 164 further provides that any claimed illegality not apparent on the face of the pleadings must be specially pleaded. It is thus clear that an attack on the corporate capacity of a plaintiff to sue must be raised by way of a special defense.
United States Trust Co. of New York v. DiGhello, 179 Conn. 246,249, 425 A.2d 1287 (1979); see also Goldstein Associates v. Expedite Systems, Inc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 110933 (December 18, 1990, Lewis, J.). When the issue of whether a foreign corporation is transacting business is properly pleaded, the plaintiff has "the opportunity to prove that its conduct fell within one or more of the categories of activity expressly declared by General Statutes 33-397 not to constitute transacting business." Peters Production, Inc. v. Dawson, supra, 530. The issue of the plaintiff's corporate capacity to maintain a suit "is but a voidable defect, waived if not raised by a defendant in a timely manner." United States Trust Co. of New York v. DiGhello, supra, 249.
Accordingly, the defendants' motion to dismiss is denied.
/s/ Sylvester, J. SYLVESTER