[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff Kraft Foodservice, Inc. brought this action against the defendant Fine Host Corporation alleging breach of a purported contract. Kraft is a Delaware corporation with a principal address in Deerfield, Illinois. Fine Host is a Delaware corporation with a principal address in Greenwich, Connecticut.
The plaintiff alleges that in March, 1991, the plaintiff and the defendant entered into a written contract of sale. The plaintiff alleges that pursuant to the contract, the plaintiff agreed to sell to the defendant certain food and non-food products carried by Kraft Distribution Centers servicing Fine Host accounts. The plaintiff also alleges that pursuant to the contract, the defendant agreed to purchase from the plaintiff certain food and non-food proprietary products, including products which the plaintiff agreed to purchase specifically to sell to the defendant, that pursuant to the contract, the plaintiff sold and delivered products to the defendant, which were accepted by the defendant, and that the plaintiff purchased certain proprietary products for the defendant. The plaintiff alleges that, despite demand for payment, the defendant has refused to pay a past due balance of approximately $368,366.46 for delivered products and proprietary products inventory.
The defendant has filed, pursuant to Practice Book § 143(1), a motion to dismiss the complaint. The defendant asserts that the court lacks subject matter jurisdiction because the plaintiff, a foreign corporation, obtained its certificate of CT Page 3817 authority to transact business in the State of Connecticut after the cause of action arose and after commencement of the action.
Although the defendant acknowledges that the plaintiff now has a certificate of authority, it nevertheless asserts that General Statutes § 33-412(a) mandates dismissal of this suit.
The plaintiff objects to the motion to dismiss on two grounds. The plaintiff submits that dismissal is not warranted under § 33-412(a) because it now has a certificate of authority in accordance with § 33-396, and that the proper vehicle by which to raise the issue of whether a corporation is barred from maintaining an action under § 33-412(a) is a special defense and not a motion to dismiss.
General Statutes § 33-396(a) provides that "[n]o foreign corporation except an insurance or surety or indemnity company shall transact business in this state until it has procured a certificate of authority so to do from the secretary of the state." General Statutes § 33-412(a) states that "n]o foreign corporation transacting business in this state in violation of section 33-396 shall be permitted to maintain any action, suit or proceeding in any court of this state unless such corporation has obtained a certificate of authority."
The defendant asserts that the plaintiff was in violation of § 33-396(a) at the time it transacted business with the defendant, and remained in violation of § 33-396(a) at the time of the commencement of the suit, thus, under § 33-412(a), the plaintiff is barred from maintaining the action. Although the defendant acknowledges that the plaintiff now has a certificate of authority in accordance with § 33-396(a), the defendant asserts that the court lacks subject matter jurisdiction, and, accordingly, has filed a motion to dismiss the action.
The plaintiff argues that the plain language of § 33-412(a) speaks in terms of the maintenance rather than the commencement of the action. The plaintiff thus argues that its acquisition of a certificate of authority in the course of the lawsuit should allow it to maintain the action.
In asserting that dismissal is warranted, the defendant citesPoly-Pak Corp. of America v. Barrett, 1 Conn. App. 99,468 A.2d 1260 (1983), and Business Brokers of North America, Inc. v. R RCT Page 3818Productions, Superior Court, JD of Hartford/New Britain at New Britain, DN. 93-0459574S (11 Conn. L. Rptr. 569, May 18, 1994). In both cases, unlike in the instant case, the plaintiff did not have a valid certificate of authority when the court dismissed the action. Nevertheless, the defendant construes the cases to support its contention that the lack of a requisite certificate of authority at the commencement of an action by a foreign corporation is a defect that cannot be cured.
In Poly-Pak, the plaintiff foreign corporation failed to file a certificate of authority with the secretary of state until the defendant moved to dismiss the action. Poly-Pak Corp. of Americav. Barrett, supra, 1 Conn. App. 104. The trial court refused to allow the plaintiff to reopen its case to present the new evidence regarding its corporate status and granted the motion to dismiss. Id. In upholding the lower court's decision, the Appellate Court noted that the plaintiff "could have at any time during the course of the trial filed a certificate of authority with the secretary of this state." Id.
In Business Brokers, the plaintiff was a foreign corporation transacting business in Connecticut and held a valid certificate of authority at the time the cause of action arose, but the certificate was later revoked by the secretary of state. BusinessBrokers of North America, Inc. v. R R Productions, supra, Superior Court of Hartford/New Britain at New Britain, Docket No. 93-0459574S. The court, finding that because the plaintiff lacked a requisite certificate of authority it could not maintain the action, granted the motion to dismiss. Id. The court did not address the issue of whether the defect could have been cured and the action maintained if the plaintiff had acquired a valid certificate of authority prior to the motion to dismiss. Id.
The defendant argues that the court should follow SpringfieldPlumbing Supply, Inc. v. Clinton Building Supply, Inc., Superior Court, JD of Tolland at Rockville, DN. 89-43066 (December 16, 1991) in which the court refused to distinguish between the terms "maintain" and "commence" and held that § 33-412(a) barred the plaintiff foreign corporation from maintaining its suit even though it acquired a requisite certificate of authority after commencement of the action. The court found rather, that it lacked jurisdiction because the plaintiff did not hold a valid certificate of authority at the commencement of the action. The court found support for its decision in the language of Poly-Pak Corporation of America v.CT Page 3819Barrett, supra, 1 Conn. App. 99, as well as the language found inArmor Bronze Silver Co. v. Chittick, 221 F. Sup. 505, 511 (D. Conn. 1963).
In Armor Bronze, the plaintiff was a foreign corporation transacting business in Connecticut without a certificate of authority. Armor Bronze Silver Co. v. Chittick, supra,221 F. Sup. 505. The court, in dismissing the action, noted that "the foreign corporation's right of action is not lost and the courts will forthwith be open to it the moment it is certified by the Secretary of the State." Id. at 514. Thus, the court's reliance in Springfield Plumbing, on Poly-Pak and Armor Bronze that the lack of a requisite certificate of authority was not a curable defect was misplaced.
Furthermore, the Connecticut Supreme Court has noted that an attack, such as in the instant case, on the corporate capacity of the plaintiff to maintain suit "is but a voidable defect, waived, if not raised by a defendant in a timely manner." U.S. Trust Co.of New York v. DiGhello, 179 Conn. 246, 249, 424 A.2d 1287
(1979).
Therefore, this court finds that the cases cited by the defendant do not adequately support its contention that a foreign corporation is proscribed from maintaining an action when it obtains a requisite certificate of authority after the case has been commenced. The court finds that a defect in the plaintiff's capacity to maintain suit which may have existed prior to the plaintiff's acquisition of its certificate of authority is cured by its acquisition of the certificate prior to any action taken by the defendant. This holding comports with the language of § 33-412(a) and with the Connecticut Supreme Court decision in U.S. Trust Co. of New York v. DiGhello, supra, 179 Conn. 246.
In addition, the court finds that a motion to dismiss is not the appropriate vehicle to test a foreign corporation's infirmity to maintain a lawsuit in Connecticut. While acknowledging that some courts have held that a motion to dismiss is not the proper vehicle by which to raise the issue, the defendant submits that based on allegations in the complaint that the plaintiff entered into a contract with a Connecticut corporation and delivered products in Connecticut, it is clear that the plaintiff was transacting business in Connecticut in violation of § 33-396. Thus, it argues, it is proper for the court to find a lack of subject matter jurisdiction and dismiss the action. CT Page 3820
The plaintiff argues that the issue of whether a corporation is barred from maintaining an action under § 33-412(a) is not properly raised by a motion to dismiss, but by a special defense. The plaintiff further argues that the issue of whether it was transacting business in Connecticut such as to require compliance with §§ 33-396 and 33-412(a) should be addressed by way of a factual hearing.
Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter." Practice Book § 145 states that "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." However, "an attack on the corporate capacity of the plaintiff to sue is not a claim that the court lacked jurisdiction of the subject matter." ArmorBronze Silver Co. v. Chittick, supra, 221 F. Sup. 510 (finding that the court had jurisdiction of the parties and the subject matter, but that the plaintiff had no right to maintain an action in the courts of Connecticut because of the provisions of §§ 33-412(a). But see, Fleet Credit Corp. v. Fech, Inc., Superior Court, JD of Hartford/New Britain at New Britain, DN. 92-0449001S 7 Conn. L. Rptr. (October 8, 1992) (granting a motion to dismiss, finding a lack of subject matter jurisdiction when the plaintiff foreign corporation lacked a requisite certificate of authority to transact business in Connecticut.)
Courts have often held that the issue of whether a foreign corporation is denied the capacity to maintain suit by the provisions of § 33-412(a) is properly raised, not by a motion to dismiss, but by a special defense. U.S. Trust Co. of New Yorkv. DiGhello, supra, 179 Conn. 249; Boxed Beef Distributors, Inc.v. Rexton, Inc., 7 Conn. App. 555, 558, 509 A.2d 1060 (1986);Goldstein Associates v. Xpedite Systems, Inc., Superior Court judicial district of Stamford/Norwalk at Stamford, DN. 110933 (December 18, 1990) (Lewis, J.). Practice Book § 160 states that "[i]f the defendant intends to controvert the right of the plaintiff to sue as executor, or as trustee, or in any other representative capacity, or as a corporation . . . he shall deny the same in his answer specifically." Practice Book § 164 states that an "illegality not apparent on the face of the pleadings . . . must be specially pleaded." CT Page 3821
When the issue is raised as a special defense, the plaintiff has the opportunity to show that its conduct did not constitute "transacting business" in this state. Peters Production, Inc. v.Dawson, 182 Conn. 526, 529, 438 A.2d 747 (1980). A corporation which is not transacting business in this state may freely bring and maintain a lawsuit without offending § 33-412 (a). Id. Whether a corporation was transacting business in the state is an issue of fact requiring an examination of the complete factual circumstances surrounding the case. Id. (citing Sawyer SavingsBank v. American Trading Co., Inc., 176 Conn. 185, 190,405 A.2d 635 (1978)). Relevant considerations include the situs of the contract, the presence of corporate offices and agents in Connecticut, and the extent of business activities in Connecticut. Sawyer Savings Bank v. American Trading Co. Inc.,
supra, 176 Conn. 190.
Allegations that the plaintiff entered into a contract with a Connecticut corporation and delivered products in Connecticut are not sufficient for the court to determine whether the plaintiff was transacting business in Connecticut so as to require a certificate of authority. Therefore, if an illegality existed when this action was commenced because the plaintiff did not have a valid certificate of authority, it is not apparent from the pleadings. In keeping with the Practice Book, the issue should be pleaded as a special defense in the answer.
Thus, for both the reasons stated herein, the defendant's motion to dismiss is denied.