[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: AMENDED NOTION TO STRIKE FROM THE JURY DOCKET
The present action was commenced by the plaintiff in 1987. On May 19, 1988, the plaintiff amended its complaint. On October 5, 1992, the defendant filed an answer, special defenses and a counterclaim. On October 15, 1992, the plaintiff replied to the special defenses.
On March 20, 1995, the plaintiff filed an amended complaint, along with a claim for the jury docket and a reply to the defendant's counterclaim. On April 17, 1995, the defendant filed an answer to the amended complaint, eight special defenses and a four count counterclaim. On April 17, 1995, the defendant also filed a motion to strike from the jury docket. On April 27, 1995, the plaintiff filed an objection to the motion to strike. The defendant then filed an amended motion to strike from the jury docket, dated May 11, 1995.
In moving to strike, the defendant argues that the claim for the jury docket was not timely filed. The defendant further argues that even if the claim was timely filed, the plaintiff lacks capacity to make such a claim because the plaintiff, a Delaware corporation, was dissolved by the State of Delaware on March 1, 1992, and its Connecticut certificate of authority was revoked on October 1, 1993.
General Statutes § 52-215 provides in pertinent part that "[w]hen . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk. . . ." See Practice Book § 260. Under the facts of the present case the plaintiff's claim for the jury trial list was timely filed.
In support of its motion to strike, the defendant alleges that the CT Page 5886 plaintiff has transacted business in Connecticut in violation of General Statutes §§ 33-396 and 33-412, and therefore, its claim for the jury docket should be stricken. General Statutes § 33-396(a) provides in pertinent part that "[n]o foreign corporation . . . shall transact business in this state until it has procured a certificate of authority so to do from the secretary of the state. . . ." General Statutes § 33-412(a) provides in pertinent part that "[n]o foreign corporation transacting business in this state in violation of § 33-396 shall be permitted to maintain any action . . . in any court of this state unless such corporation has obtained a certificate of authority."
An attack upon the capacity of a plaintiff corporation to bring suit must be raised by way of a special defense. Peters Production,Inc. v. Dawson, 182 Conn. 526, 529-30, 438 A.2d 747 (1980). UnitedStates Trust Co. of New York v. DiGhello, 179 Conn. 246, 249,425 A.2d 1287 (1979). Practice Book §§ 160, 164. "Such a claim is but a voidable defect, waived if not raised by a defendant in a timely manner." United States Trust Co. of New York v. DiGhello, supra,179 Conn. 249; Boxed Beef Distributors, Inc. v. Rexton, Inc.,7 Conn. App. 555, 558, 509 A.2d 1060 (1986). Thus, the defendant's allegations regarding the plaintiff's capacity to sue are improperly raised in the context of the present motion to strike.
Accordingly, the court denies the defendant's amended motion to strike the plaintiff's claim for the jury docket.
BALLEN, JUDGE