[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, TTE of Connecticut, Inc., has brought an action against the defendant, Michael Garbi Associates, Inc. (MGA). The complaint makes the following allegations. The plaintiff, a telecommunications company, provided services to the defendant at the defendant's request. The plaintiff was to be paid by the defendant upon receipt of a monthly billing statement. The defendant allegedly owes the plaintiff an outstanding balance of $4,985.94. The defendant also signed a subscription agreement that it would pay for all reasonable costs of collection, including attorney's fees in the event of default. The plaintiff has made repeated demands for payment of the CT Page 7044 outstanding balance due, but the defendant has refused to pay.
After the case was assigned to a fact-finder, a fact-finder's report was filed November 22, 1993. The report concluded that the plaintiff and the defendant entered into a subscription agreement, which resulted in the plaintiff rendering services to the defendant for a fee of $4,985.94. The court, Lewis, J., awarded judgment on July 5, 1994, in accordance with the fact-finders report. The defendant filed a motion to open the judgment due to ineffective assistance of counsel. On September 19, 1994, the court, Mottolese, J., granted a motion to open the judgment "on the condition that plaintiff's remedies shall be limited to those available at a hearing in damages."
The defendant filed a motion to dismiss the action on February 9, 1995 on the ground that the court lacks subject matter jurisdiction over the present case. The plaintiff filed an objection to the motion and a memorandum dated March 19, 1995.[1]
A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court . . . ." (Citation omitted; emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . ." (Citations omitted; internal quotation marks omitted.) Id., 542. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation mark omitted.) Plasilv. Tableman, 223 Conn. 68, 80, 612 A.2d 763 (1992).
"[A] challenge to the jurisdiction of a court to render a judgment may be raised at any time . . . ."[2] Seal Audio, Inc.v. Bozak, Inc., 199 Conn. 496, 499, 508 A.2d 415 (1986). "[T]he court must fully resolve [the question of lack of subject matter jurisdiction] before proceeding further with the case . . . ." (Citation omitted; internal quotation marks omitted.) Castrov. Viera, 207 Conn. 420, 429, 541 A.2d 1216 (1988). "[W]henever a court discovers it has no jurisdiction, it is bound to dismiss the case, without regard to its previous rulings . . . ." (Citations omitted; internal quotation marks omitted.) Petv. Department of Health Services, 207 Conn. 346, 351, CT Page 7045542 A.2d 672 (1988). "it is hornbook law that [s]ubject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver . . . ." (Citation omitted; internal quotation marks omitted.) In re Baby Girl B., 224 Conn. 263, 288,618 A.2d 1 (1992).
The defendant argues that the court lacks subject matter jurisdiction over the present dispute because the plaintiff claims payment for services that were rendered illegally and in violation of public policy. The defendant claims that the plaintiff was not licensed by the Department of Utility Control to provide telephone services in the state as required by law. The defendant also claims that the plaintiff did not have a certificate of public convenience and necessity required by General Statutes § 16-247f and § 16-247g.
General Statutes § 16-247f grants the Department of Public Control the power to "regulate the provisions of telecommunications services in the state in a manner designed to foster competition and protect the public interest." General Statutes § 16-247f(a) Section 16-247g(a) provides in part that "[a]ny person, firm or corporation may apply to the department for a certificate of public convenience and necessity to offer and provide intrastate telecommunications services." The defendant did not cite any authority demonstrating the consequences of noncompliance with this section or in conducting business without a license.[3]
By analogy, General Statutes § 33-412(a) provides useful insight. Section 33-412(a) provides that "[n]o foreign corporation transacting business in this state [without a certificate of authority] shall be permitted to maintain any action, suit or proceeding in any court in this state unless such corporation has obtained a certificate of authority."
The lack of a certificate of authority in violation of § 33-412 must be specifically pleaded and does not give rise to an issue of subject matter jurisdiction. Peters Productions Inc. v. Dawson,182 Conn. 526, 529, 438 A.2d 747 (1980); United States Trust Co.of New York v. DiGhello, 179 Conn. 246, 249, 425 A.2d 1287
(1979); Advanta Leasing Corp. v. Lynch Waste Removal, superior court, judicial district of Middlesex, Docket No. 64218 (May 22, 1992, Austin, J.); but see Poly-Pak Corp. of America v. Barrett,1 Conn. App. 99, 103, 468 A.2d 1260 (1983) (granting a motion to dismiss on the grounds that the plaintiff corporation failed to CT Page 7046 comply with the requirements of § 33-412).
In addition, the illegality of the contract in this case does not affect the court's jurisdiction. "[A] claim of illegality not apparent on the face of the pleadings . . . must be specially pleaded in an answer." Menley and James Laboratories, Ltd.v. Mott's Super Markets, Inc., 26 Conn. Sup. 434, 435,226 A.2d 400 (Super.Ct. 1966); see Practice Book § 164; United StatesTrust Co. of New York v. DiGhello, supra, 179 Conn. 249.
The alleged failure of the plaintiff to obtain a certificate of public convenience and necessity or the proper licensing required by Department of Public Utility Control should be pleaded as a special defense. However, the pleading of a special defense at this point in this case would be improper. See Practice Book § 112. The court's subject matter jurisdiction is not at issue in the present case and was addressed only because a court must fully resolve a challenge to the court's subject matter jurisdiction before proceeding further with the case. Castro v. Viera, supra, 207 Conn. 429. Accordingly, the motion to dismiss is denied, and the parties are ordered to comply with the September 19, 1994 order of the court (Mottolese, J.).
D'ANDREA, J.