[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, Starwood Capital Group, L.P. and BSS Capital Partners, L.P., have filed a complaint against the defendant, John Z. Kukral. Starwood Capital is a limited partnership duly organized and existing under the laws of the State of Delaware. BSS Capital, which is also a limited partnership, is the general and managing partner of Starwood Capital. Both partnerships engage in the business of acquiring and managing real estate investment opportunities. Kukral is a former senior executive of Starwood Capital and a limited partner in BSS Capital. He was terminated from his employment at Starwood Capital effective July 5, 1994.
The complaint makes the following allegations. The plaintiffs claim that the defendant made fraudulent and negligent misrepresentations to induce the plaintiffs to employ him as a CT Page 7081 senior executive of Starwood Capital, to offer him a limited partnership with BSS Capital, and to increase his compensation. The plaintiffs also allege a breach of the fiduciary duties that the defendant owed to the plaintiffs and a breach of the implied covenant of good faith and fair dealing. However, the specific facts upon which these claims are based are not necessary to resolve the present motion.
The defendant filed a motion to dismiss the action on the ground that the court lacks subject matter jurisdiction over the present action, to which the plaintiffs objected.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court . . . ." (Citation omitted; emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . . ." (Citations omitted; internal quotation marks omitted.) Id., 542. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation mark omitted.). Plasil v.Tableman, 223 Conn. 68, 80, 612 A.2d 763 (1992). "[T]he court must fully resolve [the question of lack of subject matter jurisdiction] before proceeding further with the case . . . ." (Citation omitted; internal quotation marks omitted.) Castro v.Viera, 207 Conn. 420, 429, 541 A.2d 1216 (1988).
The defendant argues that the court lacks subject matter jurisdiction over the present dispute because the plaintiffs failed to obtain authorization to do business in Connecticut at the time they commenced this action. He asserts that as unregistered foreign partnerships, the plaintiffs are barred from maintaining this suit pursuant to General Statutes § 34-381(a).
Section 34-381(a) provides that "[a] foreign limited partnership transacting business in this state may not maintain any action, suit or proceeding in any court of this state until it has registered in this state." The parties have not referred the court to case law addressing this specific statutory provision, but have made reference to case law regarding foreign corporations in general. CT Page 7082
By analogy, this court's previous ruling in KraftFoodservice, Inc. v. Fine Host Corp., 14 Conn. L. Rptr. 44 (May 29, 1995, D'Andrea, J.) is dispositive of the motion before the court.[1]
In Kraft Foodservice, Inc. v. Fine Host Corp., the defendant filed a motion to dismiss the plaintiff's complaint on the ground that the court lacked "subject matter jurisdiction because the plaintiff, a foreign corporation, obtained its certificate of authority to transact business in the State of Connecticut after the cause of action arose and after commencement of the action." Id., 44. In response to the defendant's motion, this court held that "a defect in the plaintiff's capacity to maintain suit which may have existed prior to the plaintiff's acquisition of its certificate of authority is cured by its acquisition of the certificate prior to any action taken by the defendant. This holding comports with the language of § 33-412(a) and with the Connecticut Supreme Court decision in U.S. Trust Co. of NewYork v. DiGhello, [179 Conn. 246, 424 A.2d 1287 (1979)]". Id., 45.
In the present case, the plaintiffs have submitted the affidavit of Jerome Silvey, the Chief Financial Officer and Senior Vice-President of Starwood Capital, in opposition to the defendant's motion. Silvey states, inter alia, that the plaintiffs filed the appropriate certificates on October 10, 1994. (See Affidavit of Jerome Silvey dated December 28, 1994, para. 8). A perusal of the plaintiff's exhibits corroborates Silvey's averment. (See Exhibit B, application for Registration Foreign Limited Partnership). The defendant's motion was filed on November 18, 1994. Therefore, the plaintiff acquired its certificate of authority to transact business prior to any action taken by the defendant.
Additionally, while there is a split in authority as to whether the failure to obtain a certificate of authority is properly addressed in a motion to dismiss,[2] the lack of a certificate of authority in violation of § 33-412 must be specially pleaded and does not give rise to an issue of subject matter jurisdiction. Peters Production, Inc. v. Dawson, 182 Conn. 526,529, 438 A.2d 747 (1980); United States Trust Co. of NewYork v. DiGhello, supra, 179 Conn. 249; Kraft FoodService, Inc.v. Fine Host Corp., supra, 14 Conn. L. Rptr. 44.
A review of a majority of superior court decisions reveal CT Page 7083 that those courts follow the rule set out in Peters Production,Inc. v. Dawson, supra, 182 Conn. 529; and United States Trust Co.of New York v. DiGhello, supra, 179 Conn. 249; without distinguishing the appellate court's ruling in Poly-Pak Corp. ofAmerica v. Barrett, 1 Conn. App. 99, 468 A.2d 1260 (1983). See, e.g., Sovereign Homes, Inc. v. Jones, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308652 (September 7, 1993, McGrath, J.); New Future Development Corp. v. Frazier,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 305765 (May 31, 1994, Rodriguez, J.); Traco v. U.S.Fidelity, Superior Court, judicial district of Waterbury, Docket No. 117638 (March 22, 1994, Sylvester, J.); Advanta Leasing Corp.v. Lynch Waste Removal, 6 Conn. L. Rptr. 467 (May 22, 1992, Austin, J.); Northwestern Bell v. Caldor, Inc.,6 Conn. L. Rptr. 232 (April 2, 1992, Rush, J.); Arrett Sales Corporation v.D'Amore, 5 Conn. L. Rptr. 801 (February 10, 1992, Spada, J.);Finsys Company v. Daum, 5 Conn. L. Rptr. 169 (October 22, 1991, Fuller, J.); Gallagher v. City of Milford, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 024680 (May 2, 1991, Fuller, J.); Norman Goldstein Associates v.Xpedite Systems, Inc., 3 Conn. L. Rptr. 60 (December 18, 1990, Lewis, J.); Soil Material Engineers, Inc. v. First HartfordRealty Corp., 1 Conn. L. Rptr. 516 (April 18, 1990, Corrigan, J.); Holmes Estates Inc. v. Holmes, 1 Conn. L. Rptr. 454 (April 4, 1990, Landau, J.).
Additionally, § 34-381(e) provides for a penalty for a violation of § 34-381, and "a claim of illegality not apparent on the face of the pleadings . . . must be specially pleaded in an answer." Menley and James Laboratories, Ltd. v.Mott's Super Markets, Inc., 26 Conn. Sup. 434, 435, 226 A.2d 400
(Super.Ct. 1966); see Practice Book § 164; United StatesTrust Co. of New York v. DiGhello, supra, 179 Conn. 249.
The plaintiff has cured its incapacity to sue by obtaining the requisite certificate prior to the defendant's filing of its motion to dismiss. Even if this were not the case, the alleged failure of the plaintiffs to obtain certificates of authority to do business in the State of Connecticut should be pleaded as a special defense. For the foregoing reasons, the court denies the defendant's motion to dismiss.
D'ANDREA, J.