[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a foreign corporation, brought this action CT Page 12516-Z seeking damages for goods sold and delivered to the defendant on an open account at agreed upon prices.
The defendant moved to dismiss this action on the grounds of (1) lack of subject matter jurisdiction; (2) lack of in personam jurisdiction; and, (3) insufficiency of process. However, the defendant's memorandum of law in support of its motion only addresses the claim that the plaintiff has failed to obtain a certificate of authority to do business in this state pursuant to the provisions of General Statutes, § 33-396(a) and, further, that General Statutes, § 33-412(a) prohibits a foreign corporation in violation of § 33-396 from maintaining any action, suit or proceeding in the state unless it has obtained a certificate of authority.
Although both parties submitted affidavits, there is no factual basis before the court for acceptance of the argument asserted in the defendant's memorandum. The court also notes that the defendant has filed no other pleading or document in support of its claim. Whether the plaintiff's alleged status should be asserted by way of a special defense is not before the court for consideration. For purposes of this motion, the plaintiff's status is irrelevant. The corporate capacity of the plaintiff to maintain suit "is but a voidable defect, waived, if not raised by a defendant in a timely manner." U.S. Trust Co. of New York v.DiGhello, 179 Conn. 246, 249 (1979); Kraft Food Service v. FineHost Corp., CSCL, April 18, 1995, Superior Court, Stamford/Norwalk JD at Stamford, D'Andrea, J. (printed October 25, 1995); NYNEX Information v. Morenz, CSCL, May 24, 1995, Superior Court, Stamford/Norwalk JD at Stamford, Karazin, J. (printed October 26, 1995).
The claims cited in the motion to dismiss but not briefed are considered waived. Our case law uniformly holds that it is a question of fact whether a foreign corporation is transacting business so as to require a certificate of authority and, further, that issue can only be determined by the trier of fact "examining the complete factual circumstances of each case."Peters Production, Inc. v. Dawson, 182 Conn. 526, 529 (1980).
The plaintiff's objection to the motion to dismiss is sustained and the motion is denied.
BY THE COURT
LEANDER C. GRAY, JUDGE CT Page 12516-AA