[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Precision Home, Inc. (Precision), filed a two count amended complaint dated February 2, 1994, against the CT Page 3617 defendant, Prime Time Leasing Services, Inc. (Prime Time). Prime Time subsequently cited in Cen-Treil Electronics, Inc. (Cen-Treil), as a party defendant. In the first count of its amended complaint, the plaintiff alleges that it furnished goods and material to Prime Time in February and March of 1989, for which the defendant agreed to pay, but did not do so. In the second count, the plaintiff alleges that the defendant Prime Time directed the plaintiff to deliver the goods and material to Cen-Treil, and that the latter company is also responsible for paying the reasonable value of such material to the plaintiff in the amount of $9,340, and that Cen-Treil has been unjustly enriched by its refusal to pay.
The defendant Prime Time filed an answer, generally denying the allegations of the complaint, and three special defenses and a cross-complaint against its co-defendant, Cen-Treil. The three special defenses contended that the plaintiff failed to assert a valid cause of action, that there was a failure of consideration, and that Cen-Treil, not Prime Time, was responsible for the debt owed to the plaintiff. The cross-complaint alleges that Prime Time was an agent for Cen-Treil and that the latter, not Prime Time, is responsible for paying the plaintiff.
The case was referred to Attorney Barbara A. LaVoy, an attorney fact-finder pursuant to General Statutes § 52-549n, and Practice Book § 546B et seq. The fact-finder issued a report which contained the following findings of fact: (1) that Cen-Treil stipulated to a judgment entering against it in July, 1994; (2) that the plaintiff is in the business of selling telephone hose for use in the electronics and telecommunications fields; (3) that in January, 1993, the plaintiff agreed with Cen-Treil that it would act as the latter's agent in purchasing and in paying for raw material used by Cen-Treil; (4) that the plaintiff sought and obtained credit information pertaining only to the defendant, not Cen-Treil, and that the plaintiff, in agreeing to ship goods and material to Cen-Treil, relied on the credit of the defendant; (5) that between December, 1992 and February, 1993, the defendant ordered certain material and product from the plaintiff, which was shipped to Cen-Treil, but billed to and paid for by the defendant; (6) that on or about February 24, 1993 and March 25, 1993, at the request of the defendant, product was shipped by the plaintiff to Cen-Treil, and invoiced to the defendant in the approximate amount of $9,300; (7) that at some point in early 1993, the business relationship between the defendant and Cen-Trail "broke down," and the CT Page 3618 defendant refused to pay the plaintiff the invoices that were rendered to it in February and March, 1993, and so notified the plaintiff; (8) that the defendant claimed it was only an "agent" for Cen-Trail and was not responsible for its debts; (9) that the defendant never advised the plaintiff that it would not be responsible for payment of product shipped to Cen-Treil until after its relationship with Cen-Treil had deteriorated and after the February and March invoices were sent by the plaintiff to the defendant; and (10) that a principal of the plaintiff was unavailable to testify because he was out of the country on business, and also that said witness, one Jerry Wright, did not have superior knowledge of the facts of this case.
The fact-finder concluded on the basis of the above findings of fact that: (1) the intent of both the plaintiff and the defendant was that the latter would be financially responsible for payment of the invoices directed to the defendant; (2) the defendant failed to prove that it was the agent of Cen-Treil; (3) defendant was a principal, not an agent, in its relationship with the plaintiff; (4) the claim by the defendant that the plaintiff, a foreign corporation, failed to obtain a certificate of authority to do business in this state was rejected as this claim had not been asserted as a special defense by the defendant, nor did the defendant prove that the plaintiff was transacting business in this state; and (5) there was no reason to draw an adverse inference against the plaintiff because its officer, Mr. Wright, was not available to testify. Accordingly, the fact-finder recommended that judgment enter in favor of the plaintiff for $8,540.89, without attorney's fees or interest.
The defendant filed objections to the fact-finder's report pursuant to Practice Book § 546 et seq., on the grounds that: (1) the plaintiff, a foreign corporation, never introduced into evidence a certificate of authority permitting it to bring a law suit in this state[1] (2) the fact-finder erred in not drawing an adverse inference from the failure of Jerry Wright, the president of the plaintiff, to testify because he was the most knowledgeable person concerning the defendant's agency status; and (3) the defendant proved that in dealing with the plaintiff it was acting solely in its capacity as an agent for Cen-Treil, and hence was not liable to the plaintiff.
Practice Book § 546H provides in pertinent part that "[a] party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not CT Page 3619 properly reached on the basis of the subordinate facts found, or that the fact finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted." Furthermore, "[a]fter review of the findings of facts and hearing on any objections thereto, the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (Citations omitted.) Wilcox Trucking, Inc. v. Mansour Builders,Inc., 20 Conn. App. 420, 423, 567 A.2d 1250 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Id., 423-24.
The findings of fact in a contract action such as this should be overturned "only when they are clearly erroneous," that is, a factfinder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact-finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v. MansourBuilders, Inc., supra, 20 Conn. App. 425; see also Shaw v. L.A.Socci, Inc., 24 Conn. App. 223, 229, 587 A.2d 429 (1991) (holding that it is the trial court's function to "review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of CT Page 3620 witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id. The issue is whether the "factfinder's conclusions were based on sufficient evidence and were not clearly erroneous." Id.
Therefore, the first issue is whether there is support in the record for the referee's factual findings that in dealing with the plaintiff the defendant was not acting as an agent for Cen-Treil. A review of the transcript which was provided to this court indicates that there was sufficient credible support in the record for the findings made by the referee.[2] Although evidence to the contrary was presented at trial, it is axiomatic that "[w]here evidence is in conflict, its probative value is for the trier of fact to determine." Bernard v. Gershman, 18 Conn. App. 652,656, 559 A.2d 1171 (1989).
In addition to determining whether "there was . . . evidence to support the attorney trial referee's factual findings," the second task of the reviewing court is to decide whether "the conclusions reached were in accordance with the applicable law."Thermoglaze, Inc. v. Morningside Gardens, Co., 23 Conn. App. 741,746, 583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153
(1991). See also Practice Book § 440; Bernard v. Gershman, supra, 18 Conn. App. 656.
The first issue is whether the plaintiff was obliged to introduce evidence that it had a certificate of authority to transact business in this state. The defendant did not plead the lack of such a certificate as a special defense, and hence waived any such defect. Boxed Beef Distributors, Inc. v. Rexton, Inc.,7 Conn. App. 555, 558, 509 A.2d 1060 (1986), which held that "[T]he appropriate vehicle by which to implement enforcement of the prohibition of § 33-412(a) is a special defense to an action." See also U.S. Trust Co. of New York v. DiGhello,179 Conn. 246, 249, 425 A.2d 1287 (1979), and Menley and JamesLaboratories, Ltd. v. Mott's Supermarkets, Inc.,26 Conn. Sup. 434, 435, 226 A.2d 400 (1966).
The next issue concerns the fact-finder's ruling that no CT Page 3621 adverse inference could be drawn from the fact that Jerry Wright, the president of the plaintiff, did not testify. The defendant invokes the case of Secondino v. New Haven Gas Co., 147 Conn. 672,675, 165 A.2d 598 (1960). This case and its numerous progeny hold that: "The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause . . . . There are two requirements for the operation of the rule: The witness must be available, and he must be a witness whom the party would naturally produce . . . . A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce." (Internal quotation marks omitted; internal citations omitted.). Id., 675. The referee found as a fact that Wright was in Europe on business at the time of trial, and also did not possess superior knowledge of the facts of this controversy.
The defendant's other contention is that it is not liable to the plaintiff because it was only an agent for Cen-Treil, not a principal. This claim invokes the axiom, reiterated just this week by our Supreme Court in Rich-Taubman Associates v.Commissioner of Revenue Services, 236 Conn. 613, 619, ___ A.2d ___ (1996), that an "agent is not liable where, acting within the scope of his authority, he contracts with a third party for a known principal." The fact-finder found that the defendant did not disclose to the third party, the plaintiff, that it was acting in a representative capacity for Cen-Treil, a disclosed or known principal. Because this conclusion regarding agency is based on facts found by the referee which, as noted above, are supported by the record, the defendant's contention in this regard must be rejected.
Therefore, the fact-finder's conclusion that the plaintiff should recover from the defendant is accepted, and judgment does hereby enter in favor of the plaintiff in the amount of $8,540.89, plus costs as taxed by the clerk.
So Ordered
Dated at Stamford, Connecticut, this 23rd day of April, 1996. CT Page 3622
William B. Lewis, Judge