[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS (# 103)
The defendants, Larry A. Somma, III, Craig A. Somma, and Harry O'Brien have filed a motion to dismiss against the plaintiff, Coolidge-Fairfield Equities, Limited Partnership. The ground stated for the motion to dismiss is that the plaintiff "is not licensed or registered to do business in the State of Connecticut and lacks authority under [General Statutes] §33-920 et seq. to . . . maintain [this] action in any [c]ourt of this state under [General Statutes] § 33-921."
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143.
"Pursuant to Practice Book § 160, if a defendant intends CT Page 3877 to controvert the capacity of a corporate plaintiff to maintain a suit, the proper procedural vehicle to raise that issue is by way of a special defense in his answer." Sattler Contracting v.Kritikos, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 149186 (May 28, 1997, Ryan, J.). SeeUnited States Trust Co. of New York v. DiGhello, 179 Conn. 246,249, 425 A.2d 1287 (1979).
In the present case, the court notes that the defendants do not use the word "jurisdiction" anywhere in their motion to dismiss. And, even if the court were to assume that the defendants were seeking to dismiss the complaint based on a lack of jurisdiction, Practice Book § 160 suggests that the defendants' stated ground for dismissal is not a jurisdictional argument.
The defendants' motion to dismiss, therefore, is denied.
HICKEY, J.