BOXED BEEF DISTRIBUTORS, INC. *v.*
REXTON, INC., ET AL.
(3483)

HULL, SPALLONE and BIELUCH, Js.

Submitted on briefs March 27—decision released June 3, 1986

556

*Laurence V. Parnoff, F. J. Polesak, Jr.*, and *Anne S. Finnie* filed a brief for the appellant (defendant Anthony Silano).

*David M. Spinner* filed a brief for the appellee (plaintiff).

BIELUCH, J. The defendant Anthony Silano[1] has appealed from the judgment of the trial court in favor of the plaintiff. The plaintiff's complaint alleged, inter alia, that Anthony Silano and Patricia A. Silano had guaranteed the payment for merchandise purchased by the named defendant corporation from the plaintiff to the extent of $20,000. The court found for the plaintiff and rendered judgment against the corporation in the amount of $21,097.82 and against Anthony Silano in the amount of $20,000. The court also awarded statutory interest from June 1, 1979, and costs against Anthony Silano and the corporation. We find error in the court's award of interest and costs against Silano.

The facts are not in dispute. The plaintiff, a wholesale purveyor of meat products, supplied meats to the corporation on open account. When the corporation fell into arrears on its account, the plaintiff sought and obtained a personal guaranty of the debt from the Silanos, limited to "A MAXIMUM OF $20,000." Sub-

---

[1] On July 13, 1981, Anthony Silano was declared incompetent and Patricia Silano was appointed conservatrix. Patricia Silano, wife of Anthony Silano, was also named as a defendant, but the plaintiff never actively pursued its claim on the guaranty against her. Neither Patricia Silano nor the corporation is a party to this appeal.

sequently, when the corporation's debt increased beyond the limit of the guaranty, the present action was instituted in four counts seeking to recover (1) on the debt, (2) on the guaranty, (3) on the promissory note of the corporation, and (4) on two unpaid checks issued by the defendant business.

The trial court found the corporation and, under the guaranty, Anthony Silano to be severally obligated on the corporate promissory note given as payment for merchandise and on the outstanding balance of the open account for a total of $21,097.82, of which Silano was liable for only $20,000 because of the limit on his guaranty of the corporation's debts. In addition, the court awarded the plaintiff interest, at statutory rates, from June 1, 1979, and costs.

Silano claims the trial court erred (1) in permitting the plaintiff to maintain this action after its corporate existence had ended, (2) in awarding interest and costs so as to increase his liability under the guaranty in excess of its express maximum of $20,000, and (3) in extending the guaranty to include the debts of an unnamed corporation, "Chicago Beef Company, Inc." when the guaranty, by its express terms, related solely to the debts of "Rexton, Inc. D/B/A Chicago Beef Co. of Bridgeport."[2]

Silano's first claim of error pertains to the trial court's rejection of his claim that the plaintiff, being a dissolved foreign corporation no longer in existence at the time of trial, had no standing to maintain the action. He alleges that the plaintiff lacked standing in court because it failed to prove that it had, as a foreign corporation, authorization to transact business in Connecticut, and because, as a dissolved corporation,

---

[2] This last argument was not raised by the defendant in his preliminary statement of issues as required by Practice Book § 3012 (a). We, therefore, decline to consider it.

its successor in interest to the claims should have been substituted as a party. We disagree with both contentions.

General Statutes § 33-412 (a) prohibits a foreign corporation from maintaining any action in the courts of this state unless it has first procured a certificate of authority to transact business pursuant to General Statutes § 33-396. The appropriate vehicle by which to implement enforcement of the prohibition of § 33-412 (a) is a special defense to an action. *Peters Production, Inc.* v. *Dawson,* 182 Conn. 526, 529–30, 438 A.2d 747 (1980). In the present case, no such special defense was raised. In fact, the trial court expressly noted that no attempt had been made to raise this issue by pleading or evidence at trial. It was called to the court's attention for the first time by the defendants' posttrial brief. Thus, we conclude that the trial court correctly rejected this claim from its consideration as part of the issues before it. We respond similarly to Silano's subsidiary claim that the plaintiff, having been dissolved prior to trial, had no right to continue the action without substituting another party as the plaintiff. There is no claim being made that the court lacked jurisdiction over the subject matter of the proceeding. The only question raised related to the corporate capacity of the plaintiff to maintain this suit. Such a claim is but a voidable defect, waived if not raised by the defendant in a timely manner by way of special defense. *United States Trust Co. of New York* v. *DiGhello,* 179 Conn. 246, 249, 425 A.2d 1287 (1979).

The defendant's second claim is that the court erred by awarding interest and costs to the plaintiff over and above the $20,000 limit set by Silano on his guaranty of the corporation's debts. We agree.

The guaranty signed by Silano encompassed, "absolutely and unconditionally," payment of the corpora-

tion's debts for purchases from the plaintiff and "any costs of collection thereof including but not limited to attorney fees." Emphatically starred at the bottom of the document, below the signatures of the Silanos and of the witness, there appears in capital letters the notation "THIS GUARANTEE SHALL BE FOR A MAXIMUM OF $20,000." Silano contends that this express limitation should be construed to apply to his total inclusive liability, rather than solely to his liability for the principal debt of the corporation, thereby making him additionally responsible, without limit, for attorney's fees, statutory interest and other costs of collection. The plaintiff, however, asserts that the court's award of interest and costs was based upon its statutory authority to do so, rather than upon the terms of the guaranty.

"The defendant, a guarantor on the [indebtedness], may only be held liable to the limits of the guaranty signed in his name." *Bank of Montreal* v. *Gallo*, 3 Conn. App. 268, 271 n.4, 487 A.2d 1101, cert. denied, 195 Conn. 803, 491 A.2d 1103 (1985). Thus, "[w]hen interest is sought as a part of the underlying obligation, the guaranty limit applies so that the total amount collected cannot exceed the amount stated in the guaranty contract. . . . " 38 Am. Jur. 2d, Guaranty § 76. "[W]hen the debt *has matured against the guarantor,* the debt is the guarantor's primary obligation and interest may be recovered although the effect is to increase the judgment beyond the limit of liability stated in the guaranty contract." (Emphasis added.) Id. The terms of the Silano guaranty in this case expressly specified that he would become obligated "upon maturity" of the debts of the corporation. There was, however, no provision for the maturity of these debts against Silano. The underlying debts in this case were based upon an open account for goods sold by the plaintiff to the defendant corporation. Unlike a note which matures

on a fixed date, this account did not have a set maturity date. Indeed, the account could have been maintained indefinitely, and the guaranty would have continued, as it did, to be in force as long as the open account was in existence. We can only conclude that Silano's debt "matured" when the amount of the defendant corporation's liability became fixed and when it became clear that Silano would be obligated to make good his guaranty, that is, on the date of judgment. Thus, since Silano's liability matured in the same judgment which adjudicated his disclaimer of that liability, no interest could have been awarded in excess of the $20,000 limitation thereon prior to the date of judgment in this case.

Similarly, the costs of suit incurred by the plaintiff in obtaining its judgment against the corporation and Silano cannot be added to Silano's indebtedness if doing so would exceed the limit placed upon his guaranty. The terms of the guaranty included, as part of Silano's obligation thereunder, the costs of collection. That same guaranty, however, specifically limited Silano's liability to $20,000. Thus, by the express terms of the guaranty, costs of collection are subject to the limitation in the guaranty since no distinction with respect to the maximum obligation is made between the principal debt and the costs of collection. If we were to conclude that the costs of collection were not subject to the limitation, any argument made in support of that conclusion could be applied with equal force to the limitation on the principal debt.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff against the defendant Anthony Silano in the amount of $20,000 without costs or interest.

In this opinion the other judges concurred.