ASSOCIATED CATALOG MERCHANDISERS, INC. *v.*
PIERRE CHAGNON ET AL.
(13525)

PETERS, C. J., HEALEY, SHEA, GLASS and HULL, Js.

Argued January 5—decision released July 25, 1989

*F. Woodward Lewis, Jr.,* with whom, on the brief, was *Robert J. Mead,* for the appellants-appellees (defendants).

*Thomas H. Connell,* for the appellee-appellant (plaintiff).

GLASS, J. The background facts of the present case are fully set forth in in *Associated Catalog Merchandisers, Inc.* v. *Chagnon,* 210 Conn. 734, 557 A.2d 525 (1989). The present matter is before us pursuant to our order of remand for an articulation of the trial court's disposition of the plaintiff's claim on cross appeal for attorney's fees. Id., 750–51. The trial court subsequently filed an articulation denying the plaintiff's claim for attorney's fees. We now affirm the trial court's denial of the plaintiff's claim for attorney's fees.

In its cross appeal, the plaintiff claimed that the trial court erred in failing to award it reasonable attorney's fees. It argued that its right to attorney's fees is expressly provided in the language of the installment note stating that "[i]n the event of default hereunder the undersigned agree to pay all costs of collection including reasonable attorney's fees." Because the trial

court had failed to address the plaintiff's claim for attorney's fees in its original memorandum of decision, we remanded the case for further articulation on this issue alone. Id. Thereafter, the trial court filed an articulation, stating that it had denied the plaintiff attorney's fees. It found that despite the guaranty instrument's express provision for recovery of attorney's fees in event of the defendants' default, the parties had not intended that the defendants were guaranteeing more than the sum of $35,000.

The trial court did not err in concluding that the plaintiff was not entitled to attorney's fees. In *Boxed Beef Distributors, Inc.* v. *Rexton, Inc.*, 7 Conn. App. 555, 556, 509 A.2d 1060 (1986), the plaintiff obtained a personal guaranty from the defendant on the defendant's debt. The guaranty instrument provided that the guaranty would be for a maximum of $20,000, and also provided that the defendant would be liable for " 'any costs of collection thereof including but not limited to attorney fees.' " Id., 558–59. The Appellate Court held that the trial court erred in awarding the plaintiff costs of collection. Id., 560. "[T]he costs of suit incurred by the plaintiff in obtaining its judgment against the corporation and [the guarantor] cannot be added to [the guarantor's] indebtedness if doing so would exceed the limit placed upon his guaranty. The terms of the guaranty included, as part of [the guarantor's] obligation thereunder, the costs of collection. That same guaranty, however, specifically limited [the guarantor's] liability to $20,000. Thus, by the express terms of the guaranty, costs of collection are subject to the limitation in the guaranty since no distinction with respect to the maximum obligation is made between the principal debt and the costs of collection." Id.

The "installment note" in the present case did not indicate whether the defendants would be liable for $35,000 exclusive or inclusive of costs of collection and

attorney's fees. The trial court, however, may have reasonably determined that the guaranty agreement in toto, as evidenced by the "installment note" and the oral communications of the parties, subjected the defendants' liability for costs of collection and attorney's fees to the $35,000 limitation. *Boxed Beef Distributors, Inc.* v. *Rexton, Inc.,* supra. The trial court expressly found that the "defendants never intended to guarantee more than the sum of $35,000.00." The question of the parties' intent was a question of fact. The plaintiff's attempt to distinguish *Boxed Beef Distributors, Inc.,* from the present case on the ground that the language in the "installment note" did not specifically limit liability to $35,000 is an attempt to relitigate this question of fact. On the basis of the evidence relied on by the trial court in its memorandum of decision and subsequent articulation, we cannot conclude that the denial of the plaintiff's claim for attorney's fees was clearly erroneous.

There is no error.

In this opinion the other justices concurred.