[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In a two-count complaint the plaintiff, Norman Goldstein Associates, alleges that it is a New York corporation in good standing with an office in Hicksville, New York, and further alleges that it lent $100,000 to the defendants, Xpedite Systems, Inc. and R. A. Epstein. Plaintiff claims that the defendants have failed to repay this sum after demand for repayment by the plaintiff.
The defendants now move to dismiss (#103) on the ground that the plaintiff is a foreign corporation transacting business in Connecticut in violation of General Statutes 33-396, and therefore is prohibited from bringing this suit by virtue of General Statutes 33-412. The plaintiff contends that a motion to dismiss is not the proper means to raise this issue.
Practice Book 160 provides in part: "If the defendant intends to controvert the right of the plaintiff to sue . . . as a corporation . . . he shall deny the same in his answer specifically." It follows, therefore, that defendants' motion to dismiss is not the proper vehicle with which to raise the issue of plaintiff's capacity to sue as a corporation, particularly where, as here, the pleadings do not make apparent on their face any claimed illegality. The defendants' claim should be pled as a special defense in its answer. As said in Boxed Beef Distributors, Inc. v. Rexton, Inc. 7 Conn. App. 555, 558, 509 A.2d 1060
(1986): "The appropriate vehicle by which to implement enforcement of the prohibition of 33-412 (a) is a special defense to an action." See also Fuller v. Planning and Zoning Commission, 21 Conn. App. 340, 346,573 A.2d 1222 (1990).
Therefore, the motion to dismiss is denied.
LEWIS, J.