[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION TO DISMISS (NO. 113)
The plaintiff alleges that on August 1, 1990 its CT Page 5824 predecessor in interest entered into a written agreement to sell real estate to the defendant, Mavis Frazier. The plaintiff further alleges that the defendant breached the terms of the agreement by not paying the balance of the purchase price on or before August 31, 1990.
The defendant has filed a motion to dismiss the action claiming lack of subject matter jurisdiction. The defendant argues that the plaintiff is a foreign corporation transacting business in Connecticut without a certificate of authority in violation of General Statutes § 33-396 and is therefore prohibited from bringing this lawsuit by virtue of General Statutes § 33-412 (a).
General Statutes § 33-412 (a) provides in part that "[n]o foreign corporation transacting business in this state in violation of § 33-396 shall be permitted to maintain any action, suit or proceeding in any court of this state unless such corporation has obtained a certificate of authority." General Statutes § 33-396 (a) prohibits a foreign corporation from transacting business in this state until it procures a certificate
of authority from the Secretary of State. The question of whether a foreign corporation is in fact transacting business in this state to a sufficient extent to require a certificate of authority is a question of fact which is resolved by examining the complete factual circumstances of each case. Peters Production, Inc. v.Dawson, 182 Conn. 526, 529 (1980). Practice Book 160 provides in part that "[i]f the defendant intends to controvert the right of the plaintiff to sue. . .as a corporation. . ., he shall deny the same in his answer specifically." Therefore, "[t]he appropriate vehicle by which to implement enforcement of the prohibition of General Statutes § 33-412 (a) is a special defense to the action."Box Beef Distributors, Inc. v. Rexton, Inc., 7 Conn. App. 555, 558
(1986).
Accordingly, it is obvious that the defendant's motion to dismiss is an improper vehicle with which to raise the issue of plaintiff's capacity to sue as a corporation. For the foregoing reason, the defendant's motion to dismiss is denied.
EDDIE RODRIGUEZ, JR., JUDGE CT Page 5825