[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#108)
The plaintiff, Nynex Information Resources Co., on January 12, 1995, filed a seven count amended complaint against the defendants, Robert E. Morenz doing business as Promotions Plus of New England, Inc., and Promotions Plus of New England (Promotions Plus). Also on January 12, 1995, Promotions Plus filed a motion to dismiss the plaintiff's complaint on the ground of lack of subject matter jurisdiction because the plaintiff does not have authorization to transact business in Connecticut, and therefore, is barred from bringing suit in Connecticut under General Statutes §§ 33-396(a) and 33-412(a).
"The appropriate vehicle by which to implement enforcement of the prohibition of § 33-412(a) is a special defense to an action."Boxed Beef Distributors, Inc. v. Rexton, Inc., 7 Conn. App. 555,558, 509 A.2d 1060 (1986). "The transacting business element is an especially important one to be properly pleaded at trial because whether a foreign corporation is transacting business so as to require a certificate of authority is a question which must be resolved by examining the complete factual circumstances of each case." Peters Production, Inc. v. Dawson, 182 Conn. 526, 529,438 A.2d 747 (1980). Accordingly, the Superior Courts have uniformly held that a motion to dismiss is not the proper means by which to raise the plaintiff's lack of capacity to sue. See New FutureDevelopment v. Frazier, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 305765 (June 2, 1994, Rodriguez, J.); Traco v. U.S. Fidelity, Superior Court, Judicial CT Page 5096 District of Waterbury, Docket No. 117638 (March 22, 1994, Sylvester, J.); Northwestern Bell v. Caldor, Inc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 116891 (April 2, 1992, Rush, J.); Advanta Leasing, Corp. v. LynchWaster Removal, Inc., 6 Conn. L. Rptr. 467 (May 22, 1992, Austin, J.); Goldstein Associates v. Xpedite Systems, Superior Court, Judicial District at Stamford/Norwalk at Stamford, Docket No. 110933 (December 18, 1990, Lewis, J.); Menley and JamesLaboratories, Ltd. v. Mott's Super Markets, Inc., 26 Conn. Sup. 434
(Super.Ct. 1966).
Promotions Plus' motion to dismiss is not the proper motion in which to challenge the plaintiff's ability to maintain a suit under General Statutes § 33-412(a). Accordingly, Promotion Plus' motion to dismiss is denied.