[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Absolute Services, Inc., of New York City, has brought suit against two defendants, Gardella Moving Storage, Inc. (Gardella Moving), of Stamford, and Dennis Knapp d/b/a Gardella Universal Relocation (Gardella Universal), of Pompano Beach, Florida. The defendants have moved (#101) to dismiss this action because of an alleged lack of subject matter jurisdiction as to the corporate defendant, Gardella Moving, and insufficiency of process as to the individual defendant, Gardella Universal. CT Page 8214
The complaint is in six counts. In the first count, the plaintiff alleges that the corporate defendant did business under the name of Gardella Universal, that in late 1992 and early 1993, the plaintiff provided office furnishings in various locations in this state and in the state of New York pursuant to a contract with Gardella Universal, and that the defendants owe the plaintiff $45,000. In the second count, the plaintiff alleges that it is entitled to the reasonable value of the services and materials furnished at the request of Gardella Universal. The plaintiff asserts a claim of unjust enrichment in the third count. In the forth count, the plaintiff alleges that its contract to provide office furnishings was with the defendant Dennis Knapp, and that Knapp owes the plaintiff $45,000. The fifth count alleges that Knapp owes the plaintiff for the reasonable value of its services and material, and the sixth count repeats the allegations of the third count alleging unjust enrichment as to Dennis Knapp.
The return of service indicates that service was made on the corporate defendant, Gardella Moving, by serving the secretary of the state in accordance with General Statutes § 33-297,[1]
and thereafter by sending copies of the papers by certified mail to Gardella Moving in Stamford, and that the deputy obtained a return receipt. The secretary of state was also served with respect to the claim against Knapp d/b/a Gardella Universal, in accordance with General Statutes §52-59b.[2] Thereafter, the deputy sheriff sent a copy of the papers via certified mail to Dennis Knapp d/b/a Gardella Universal, to an address in Pompano Beach, Florida, and the papers were returned by the post office marked "unclaimed."
Both defendants appeared by counsel on February 1, 1995, and on March 1, 1995, they filed a motion to dismiss. In this motion, the defendants claim that the complaint should be dismissed as to the corporate defendant, Gardella Moving, because the plaintiff, a New York corporation, has failed to allege that it was authorized to transact business in this state as required by General Statutes § 33-412,[3] and therefore, the court lacks subject matter jurisdiction over the plaintiff's claim. The defendants rely upon Poly-Pak Corp, v. Barrett, 1 Conn. App. 99,468 A.2d 1260 (1983), in support of his contention. Dennis Knapp, d/b/a Gardella Universal, contends that he was never served with a copy of process. Knapp claims that he resides in Florida, and he has signed an affidavit to the effect that the address in the CT Page 8215 sheriffs return of service, 1521 West Copans Road, in Pompano Beach, is not and never has been his `last known address' as required by General Statutes § 52-59b.
In its opposition to the defendants' motion to dismiss, the plaintiff attached an affidavit by the deputy sheriff who served process in this matter indicating that Knapp personally requested that he send the papers to his office, and not to his home. The plaintiff claims that Knapp received actual notice of this suit, and the address in Florida, to which the sheriff sent the papers, was his business office. The plaintiff argues that Anderson v.Schibi, 33 Conn. Sup. 562, 564, 364 A.2d 853 (1976), supports this contention.
First, as to the defendants' claim that the court lacks subject matter jurisdiction because the plaintiff has failed to allege that it has the fight to initiate litigation in this state, the proper vehicle to raise the issue of a foreign corporation's capacity to bring suit as a corporation is by way of a special defense, not a motion to dismiss. Practice Book § 160. See Goldstein Associates v. Xpedite Systems, Inc.,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 110933 (December 18, 1990, Lewis, J.), citing Boxed Beef Distributors, Inc. v. Rexton, Inc., 7 Conn. App. 555,558, 509 A.2d 1060 (1986). See also Kraft Foodservice,Inc. v. Fine Host Corp., 14 Conn. L. Rptr. 44, 45-46 (April 18, 1995, D'Andrea, J.).
Secondly, regarding the issue of serving Knapp at his last-known address, a heating was held at which Deputy Sheriff W. D. Wiest testified that Knapp called him after learning that a sheriff was attempting to send process to him and Knapp requested that he mail the papers to his corporation's business address in Pompano Beach. Thus, Knapp had actual notice of this suit, which is sufficient under the circumstances. Collins v. Scholz,34 Conn. Sup. 501, 502, 373 A.2d 200 (1976); Uyen Phan v. Delgado,41 Conn. Sup. 367, 372-73, 576 A.2d 603 (1990).
Thus, the motion to dismiss is denied as to both defendants.
So Ordered.
Dated at Stamford, Connecticut, 21st this of July, 1995.
William B. Lewis, Judge CT Page 8216