[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 12, 1996 CT Page 5204-HHH
The defendant, U.S. Chrome Corporation and Satra Equipment, Inc., filed two motions to dismiss dated June 14, 1996 and May 1, 1996, respectively. In their memoranda of law in support of their motions, the defendants argue that the court lacks subject matter jurisdiction because EIMCO Process Equipment Company and Baker Hughes, Inc., the plaintiffs, transacted business in this state without first receiving a certificate of authority from the secretary of state pursuant to General Statutes § 33-396 (a).[1]
"General Statutes § 33-412(a) prohibits a foreign corporation from maintaining any action in the courts of this state unless it has first procured a certificate of authority to transact business pursuant to General Statutes § 33-396. The appropriate vehicle by which to implement enforcement of the prohibition of § 33-412(a) is a special defense to an action." Boxed Beef Distributor, Inc. v. Rexton, Inc.,7 Conn. App. 555, 558, 509 A.2d 1060 (1986). Furthermore, a violation of § 33-412(a) does not implicate the subject matter jurisdiction of the court and is a "voidable defect, waived if not raised by the defendant in a timely manner by way of special defense." Id. Accordingly, since a violation of § 33-412(a) does not implicate the subject matter jurisdiction of the court, defendants' motions to dismiss are denied. See KraftFoodservice v. Fine Host Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 137174. 14 CONN.L.RPTR. 44 (April 18, 1995) (D'Andrea, J.) (holding that the motion to dismiss is the improper vehicle to "test a foreign corporation's infirmity to maintain a lawsuit in Connecticut."
D'ANDREA, J.