[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Greenwich Metals, Inc. (Greenwich Metals) initiated this CT Page 10782 suit against the defendant, Jack Hall, on October 23, 2001. The action arises from an unpaid debt Hall allegedly owes to Greenwich Metals. In its amended complaint, Greenwich Metals alleges the following pertinent facts: On December 27, 1994, Hall entered into a written agreement guaranteeing that he would pay all bills incurred by Liston Aluminum 
Brick Company (Liston), the principal debtor. The guaranty agreement further provides that Hall, as the guarantor, would pay on demand the amount of all expenses, including reasonable attorneys' fees, incurred by Greenwich Metals in collecting or attempting to collect any of Liston's obligations to Greenwich Metals. In reliance on Hall's guaranty, Greenwich Metals sold and delivered to Liston goods worth $77,859.41. Neither Liston nor Hall have paid for the goods despite Greenwich Metals' demands that they do so. Hence, the entire amount remains due.
On April 1, 2002, Greenwich Metals filed a motion for summary judgment on the basis that there is no genuine issue as to any material fact alleged in the complaint and therefore it is entitled to recover the $77,859.41 plus attorneys' fees due from Hall pursuant to his personal guaranty of payment and such fees.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of) material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [17-46]." (Internal quotation marks omitted.) H.O.R.S.E. ofConnecticut, Inc. v. Washington, 258 Conn. 553, 559, 783 A.2d 993
(2001).
"[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins. Co.,259 Conn. 527, 556, 791 A.2d 489 (2002). The courts hold the movant of a summary judgment to a strict standard when determining if it has met the burden of showing the absence of any genuine issue as to all the material facts thereby entitling it to judgment as a matter of law. Christensonv. Rostand Associates, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV01 0075818 (May 2, 2002, CT Page 10783Holden, J.), citing Witt v. St. Vincent's Medical Center, 252 Conn. 363,372-73 n. 7, 746 A.2d 753 (2000).
Therefore, in order to prevail on its motion, Greenwich Metals as "the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of my genuine issue of material fact." Witt v. St. Vincent's Medical Center, supra,252 Conn. 372-73 n. 7. "It is not enough for the moving party merely to assert the absence of any disputed factual issue; he moving party is required to bring forward . . . evidentiary facts, or substantialevidence outside the pleadings to show the absence of any material dispute." (Emphasis in original; internal quotation marks omitted.) Dotyv. Shawmut Bank, 58 Conn. App. 427, 430, 755 A.2d 219 (2000).
Greenwich Metals submits several documents in support of its motion, including a copy of the notarized guaranty agreement signed by Hall on December 27, 1994. Hall admits that his signature is on the guaranty agreement. In part, the guaranty agreement provides that "[t]he undersigned [Hall] hereby unconditionally guarantees and agrees to be liable for the full and indefeasible payment and performance when due of all now existing and future indebtedness, obligations or liabilities of the Debtor [Liston] to you [Greenwich Metals]. . . ." (Plaintiff's Memorandum, Exhibit A, p. 1.). Greenwich Metals maintains that it extended credit to Liston from 1994 through 2000 based on Hall's personal guaranty. The outstanding balance of $77,859.41 results from three purchases Liston made in October and November of 2000, and became due in December, 2000.
In opposition to Greenwich Metals' motion for summary judgment, Hall argues that in signing the guaranty, he did not intend that the guaranty was to be a continuing obligation. Rather, it was his understanding that the guaranty agreement pertained only to a particular transaction that was to take place in 1995, for which Greenwich Metals was subsequently paid in full. Hall also contends that it was never his intention, nor did he believe it was Greenwich Metals' intention, for the guaranty to serve as a continuing obligation until the end of time for any business done between Liston and Greenwich Metals. Moreover, Hall maintains he would never have signed a guaranty binding him as the responsible party for Liston's obligations to Greenwich Metals forever. Relying upon the "well recognized [maxim] that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions"; United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 376, 260 A.2d 596 (1969); Hall argues that because a genuine issue of material fact exists with regard to his intent in executing the guaranty upon which this action is based, the court should CT Page 10784 deny Greenwich Metals' motion.
"[A] guarantee is a promise to answer for the debt, default or miscarriage of another"; Regency Savings Bank v. Westmark Partners,59 Conn. App. 160, 164, 756 A.2d 299 (2000); and "is merely a species of contract." Garofalo v. Squillante, 60 Conn. App. 687, 694, 760 A.2d 1271
(2000), cert. denied, 255 Conn. 429, 767 A.2d 101 (2001). "In giving meaning to the terms of a contract, we have said that a contract must be construed to effectuate the intent of the contracting parties. . . . If, is in this case, the parties have reduced their agreement to a writing, their intent is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intent existed in the minds of the parties but what intention is expressed in the language used . . . Further, [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citations omitted; internal quotation marks omitted.) Mulligan v. Rioux, 229 Conn. 716, 740, 643 A.2d 1226
(1994).
"A guaranty contract is continuing if it contemplates a future course of dealing during an indefinite period or it is intended to cover a series of transactions or a succession of credits, or if its purpose is to give to the principal debtor a standing credit to be used by him from time to time. An offer for a continuing guaranty is ordinarily effective until revoked by the guarantor or extinguished by some rule of law . . . . To revoke a continuing guaranty, the guarantor usually must give notice of the revocation to the creditor. (Citation marks omitted; internal quotation marks omitted.) Associated Catalog Merchandisers, Inc. v.Chagnon, 210 Conn. 734, 742, 557 A.2d 525, on appeal after remand,212 Conn. 322, 561 A.2d 436 (1989).
In the present case, the language of the guaranty agreement expressly provides that it "is a continuing agreement and written notice . . . shall be the only means of termination, notwithstanding the fact that for certain periods of time there may be no obligations owing to [Greenwich Metals] by the debtor." It also provides in part that Hall "unconditionally guarantees and agrees to be liable for . . . all now existing and future indebtedness, obligations, or liabilities of [Liston] to [Greenwich Metals]," and provides for revocation in writings. The termination by written notice must be sent by registered mail, and is effective only upon actual receipt by one of the Greenwich Metals' officers at least ten business days prior to termination. Despite this unambiguous language, Hall believed that his personal guaranty of payment pertained to a single transaction completed in 1995. The written agreement itself, however, does not mention any such transaction. Thus, based on CT Page 10785 the unambiguous language of the contract, the court finds that there is no genuine issue of material fact that the guaranty agreement was continuing in nature.
Nevertheless, "[t]he interpretation of a continuing guaranty . . . ordinarily is a question of "act." Associated Catalog Merchandisers,Inc. v. Chagnon, supra, 210 Conn. 743. "[E]ven a continuing guaranty that is, in terms, unlimited as to duration, imposes liability upon a guarantor only for such period of time as is reasonable in light of all the circumstances of the particular case." (Internal quotation marks omitted.) Id., 742-43. "Where no time for the performance of a contract is contained within its terms, [as in the continuing guaranty at issue] the law presumes that it is to be performed within a reasonable time . . . . What is a reasonable length of time is ordinarily a question of fact for the trier." (Citations omitted; internal quotation marks omitted.)Schlicher v. Schwartz, 58 Conn. App. 80, 86, 752 A.2d 517 (2000).
"Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact." (Internal quotation marks omitted.) Fraser v. United States, 236 Conn. 625, 639, 674 A.2d 811, cert. denied, 519 U.S. 872, 117 S.Ct. 188, 136 L.Ed.2d 126 (1996). "A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) H.O.R.S.E. ofConnecticut, Inc. v. Washington, supra, 258 Conn. 560. The length of time that Hall's continuing guaranty remained in effect is a material fact that will make a difference in the result of this case because it is a variable in determining Hall's liability to Greenwich Metals For Liston's debt. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). Because a genuine issue of material fact remains as to how long Hall's guaranty endures, Greenwich Metals has failed to meet its burden. Accordingly, its motion for summary judgment is denied.
So Ordered.
__________________ D'ANDREA, J.T.R. CT Page 10786